IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALMA PARKER, | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-0288-KD-N |
| CGI TECHNOLOGIES AND SOLUTIONS, INC., | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the "Motion for Summary Judgment to be Set Aside or Appeal" which this Court construes as a motion to reconsider[1] filed by plaintiff Alma Parker (doc. 27), the response in opposition filed by defendant CGI Technologies and Solutions, Inc. (doc. 28), and Parker's reply (doc. 31). Upon consideration, and for the reasons set forth herein, the motion to reconsider is **GRANTED**. Accordingly, Parker shall have until **Monday, July 9, 2012,** to respond to CGI's motion for summary judgment. CGI shall file any **reply** on or before **July 16, 2012.**

Accordingly, CGI is directed to serve Parker with a copy of the motion for summary judgment and all attachments thereto as soon as possible in order for Parker to timely prepare and file her response.

---

[1] Parker captioned her motion "Motion for Summary Judgment to be Set Aside or Appeal" (doc. 27). However, the Court may liberally construe a *pro se* motion in the interest of justice. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (quotations omitted), *cert. denied*, 549 U.S. 1323, 127 S.Ct. 1908 (2007); *Shabazz v. Summers*, 2010 WL 3829431, 1 (M.D.Ala., Sept. 23, 2010) (construing a "Motion to Extend Time to Appeal," as a motion to reopen.)

In general, a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure "cannot be brought solely to relitigate issues already raised in an earlier motion." *Harris v. Corrections Corp. of America,* 2011 WL 2672553, 1 (11th Cir. July 11, 2011) (slip copy) (citing *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Harris*, 2011 WL 2672553, *1 (citing A*rthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quoting *Kellogg v. Schreiber ( In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir.1999)).

Upon review of Parker's motion, reply to CGI's response, and Parker's statement that "L. Dalaine" is not an adult who lives in her home, the Court finds that Parker shall be given an opportunity to respond to the motion for summary judgment on or before July 9, 2012.

The Clerk of the Court is directed to mail a copy of this Order to Parker at her address: Alma Parker, 4915 U.S. Highway 80 East, Lot 61-A, Selma, Alabama 36701, by U. S. Mail, first class.[2]

DONE  this the 20th day of June, 2012.

        s/Kristi K. DuBose
        KRISTI K. DuBOSE
        UNITED STATES DISTRICT JUDGE

---

[2] The docket does not indicate that mail sent to Parker's address has been returned by the U.S. Post Office.