IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALMA PARKER, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:11-0288-KD-N |
| CGI TECHNOLOGIES AND SOLUTIONS, INC., | ) |
| Defendant. | ) |

## ORDER

This action is before the Court upon reconsideration of the order granting the motion for summary judgment filed by CGI Technologies and Solutions, Inc. and Alma Parker's response and reply to the motion for summary judgment (docs. 24, 44, 45). For the reasons set forth herein and in the order granting the motion for summary judgment (doc. 24) incorporated herein by reference, upon reconsideration, the motion for summary judgment is GRANTED and the judgment in favor of CGI (doc. 25) remains as the final judgment of this Court.

I. Background

Previously, this Court granted Parker's motion to reconsider the Court's decision to grant summary judgment in favor of CGI. (docs. 24, 27, 34). Parker alleged that she had not been served with a copy of CGI's motion for summary judgment and therefore did not file a response. CGI was directed to serve Parker with a copy of the motion for summary judgment and Parker was given until Monday, July 9, 2012 to file her response (doc. 34). CGI filed its reply on Monday, July 16, 2012 (doc. 40). At that time, the Court became aware that Parker had not filed her response and ordered Parker to do so on or before July 27, 2012 (doc. 41). Parker filed a request for extension of time for response (doc. 42). Her request was granted in part, and Parker

was ordered to file her response on or before August 13, 2012 (doc. 43).  Parker has now timely filed her response and a reply (docs. 44, 45).

II. Analysis

This Court granted Parker's motion for reconsideration in order to allow her the opportunity to respond to CGI's motion for summary judgment and for the Court to consider her response.  The Court has now considered Parker's response and reply (doc. 44, 45) and finds that nothing submitted therein provides any basis for the Court to change its earlier decision to grant summary judgment in favor of CGI and enter final judgment.

In her response, Parker argues that she was discriminated against on basis of race because she was "single[d] out the first day" of work when a "Caucasian middle aged women walked in and ask (*sic*) the whole training class who was Alma Parker and I raised my hand, she looked at me and walked out, never said why she wanted to know who I was." (doc. 44, p. 3).  At the summary judgment stage, the Court is required to draw all reasonable or justifiable inferences from the evidence in Parker's favor. *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000).  However, a "court need not permit a case to go to a jury, [ ] when the inferences that are drawn from the evidence, . . . are 'implausible'", *Cuesta v. School Bd. of Miami–Dade County*, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted), or simply "possible".  *Chapman*, 229 F.3d at 1023.

Assuming for purpose of summary judgment that Parker could produce competent evidence to support her factual allegations, no reasonable or justifiable inference of race discrimination can be drawn in Parker's favor from this set of facts.  Parker's conclusory allegation based on her subjective belief that she was fired on basis of race discrimination is not sufficient to make a genuine issue of material fact such that summary judgment should not be

granted. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

In regard to her claim that CGI terminated her on basis of religion, Parker asserts that she had a phone conference with a male manager about working on Sunday. Parker states that the "manager calls me back and told me that if I had to work on Sunday it would be after 1:00 p.m. I told him I was a minister and as long as I got a chance to serve God that was okay. Later on he said I did not have to work but maybe one Sunday a month or not at all." (doc. 44, p. 5).

However, assuming for purpose of summary judgment that Parker could produce evidence in support of this factual allegation, this evidence does not create a genuine issue of material fact that Parker was discriminated against on basis of race such that this action should go to a jury. To the contrary, a reasonable or justifiable inference could be drawn from her version of the manager's statements that CGI was willing to accommodate Parker's religion rather than discriminate against her on basis of religion. According to Parker, the manager told Parker she would be allowed to either work after 1:00 on Sunday, work only one Sunday a month, or not work on Sundays at all.

On summary judgment, the Court found that CGI had proffered a legitimate non-discriminatory reason for terminating Parker: She did not pass the background check because of discrepancies between her employment history as she provided on her application and the employment history ascertained by Verifications, Inc. The information provided by Parker in her response does not rebut CGI's proffered reason for termination. Although she casts the "arguments" she had with Verification's, Inc. and "debating" with CGI, (doc. 44, p. 2), as based on race because she believed that "race played an important part in this background check" (doc. 44, p. 4). That is not sufficient to rebut as a pretext for discrimination CGI's decision to terminate Parker because she could not pass the background check. To rebut as pretext, Parker

3

would have to show "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Vessels v. Atlanta Independent School System*, 408 F.3d 763, 771 (11th Cir. 2005) (*per curiam*) (quotation omitted).

All that Parker has done is quarrel with CGI for making a business decision with which she does not agree. However, she cannot substitute her business judgment for that of CGI and cannot "succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030. In this instance, CGI has proffered a reason that "might motivate a reasonable employer" – that Parker did not pass the background check. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir.2001) (citation omitted). This Court "cannot second guess the business decisions of an employer". *Rowell v. BellSouth Corp.*, 433 F.3d 794, 799 (11th Cir. 2005).

In what appears to be an attempt to show that the comparators identified in the order on summary judgment were not similarly situated, Parker states that the other employees who were terminated because they failed the background check did not "have information removed from their background check after the fact they made errors (*sic*)." (doc. 44, p. 5). However, Parker has provided no evidence to support this statement. As discussed in the order on summary judgment, Parker admitted at her deposition that she could not identify any employee with similar discrepancies in their background check who was not terminated (doc. 24, citing doc. 22-2, Parker Dep. At 129, 163-164). Parker's conclusory allegation based on her subjective belief is not sufficient to make a genuine issue of material fact such that summary judgment should not be granted. *Leigh*, 212 F.3d at 1217 (11th Cir. 2000).

> Parker's argument regarding her retaliation claim is less clear. She states that
>
> Because of how I was treated retaliation was a key factor in me being
> fired. None of these employees was fired or let go never encounter what I

4

did. This was a form of retaliation because I stood behind the information. (doc. 44, p. 5). Reading these statements in context with the preceding paragraph, which ends with the sentence - - "None of these people were persecuted, offended, ill-treated, and wrong or mistreated for not making their verification job easy" (*id.*) - - Parker appears to argue that she was fired in retaliation for making the verification job difficult. Parker did not raise this claim in her complaint. Construing Parker's complaint, CGI argued on motion for summary judgment that Parker's claim of retaliation failed because she had not engaged in protected conduct as identified in the anti-retaliation provisions of Title VII. 42 U.S.C. § 2000e-3(a). The Court, giving Parker's complaint the liberal construction due to *pro se* litigants,[1] construed her claim as alleging that CGI retaliated against Parker by refusing or failing to reinstate her as a customer service representative after she was awarded unemployment compensation. Nothing in Parker's complaint indicates that she claimed that she was fired in retaliation for "not making their verification job easy." Parker cannot amend her complaint by making new allegations in her response to the motion for summary judgment. *Gibbs-Matthews v. Fulton County School Dist.*, 429 Fed. Appx. 892, 894-895 (11th Cir. 2011) (affirming district court decision that defendant was entitled to summary judgment on Gibbs–Matthews's claim for retaliation "because it was never raised in Gibbs–Matthews's complaint, but rather was raised for the first time in response to summary judgment.") (citing *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir.2004).

---

[1] Documents filed by *pro se* litigants will be given a liberal construction in the interest of justice. *See* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."); *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.2006) ("*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (quotations omitted), *cert. denied*, 549 U.S. 1323, 127 S.Ct. 1908 (2007).

Parker raised a claim of breach of quasi-contract in her complaint. She alleged that a quasi-contract was formed by way of the offer of employment by CGI and her acceptance. However, Parker did not address her claim for breach of quasi-contract in her response or reply. Because no new evidence or argument has been presented, the prior decision to grant summary judgment as to this claim stands as the Court's final decision.

III. Conclusion

Accordingly, for the reasons set forth herein and in the order granting the motion for summary judgment (doc. 24), the Court finds that there is no genuine issue of material fact and that CGI is entitled to judgment as a matter of law. Accordingly, summary judgment is due to be granted in favor of CGI and against Parker.

DONE and ORDERED this the 21st day of August, 2012.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE